JOSEPH M. CHARTER, OSB #91158
Charter@AshlandOregon.org
JOSEPH M. CHARTER, P.C.
800 W. EIGHTH STREET
MEDFORD, OR 97501
(541) 779-9330
Fax: (541)773-3653

Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BONNIE MCELRATH,<br><br>                Plaintiff,<br><br>   v.<br><br>FISH RITE, INC, an Oregon Corporation, JAMIE DORSEY, SR., and BARBARA DORSEY,<br><br>                Defendants. | No. CV-08-1159-KI<br><br>REPLY IN SUPPORT OF MOTION TO DISMISS |

### I. PLAINTIFF'S ADEQUATE STATUTORY REMEDIES PRECLUDE A WRONGFUL DISCHARGE CLAIM

In *Farrimond v. Louisiana-Pacific Corp.,* 103 Or. App. 563, 567, 798 P2d 697 (1990), the plaintiff filed claims both under ORS 659.410, claiming she was terminated in retaliation for filing a workers' compensation claim, and for common law of wrongful termination. The Court

Page 1 -   REPLY IN SUPPORT OF MOTION TO DISMISS

of Appeals stated:

> Although the statute does not expressly state that it is intended to supersede the common law remedy, the legislature's adoption of ***virtually all remedies*** that would have been available at common law lead us to conclude that it intended the statutory remedy to be exclusive.

The Supreme Court in *Holien v. Sears, Roebuck and Co.,* 298 Or. 76, 97, 689 P.2d 1292 (1984) placed emphasis on the inadequacy of the statutory remedy for discrimination on the basis of sex:

> [T]he remedies provided by the statutes fail to appreciate the relevant dimensions of the problem. Reinstatement, back pay, and injunctions vindicate the rights of the victimized group without compensating the plaintiff for such personal injuries as anguish, physical symptoms of stress, a sense of degradation, and the cost of psychiatric care. Legal as well as equitable remedies are needed to make the plaintiff whole.

The adequacy of the statutory remedy is therefore material. The courts have allowed the tort of wrongful discharge solely in those cases where the plaintiff otherwise would not have had a remedy.

The cases cited by Plaintiff are distinguishable. In *Olsen*, the court found a clear legislative intent to allow both statutory and common law remedies. ORS 659.515(6) contains an explicit statement that the statute is "'not intended to . . . [r]estrict or impair any judicial right of action an employee or an employer has under existing law.' That language establishes that the legislature clearly and affirmatively expressed its intention that the statutory claim *not* supersede common-law claims." 204 Or. App. at 16. That same clear legislative expression is not found in ORS 659A.885.

Both *Palmer* and *Moustachetti* simply held that filing a workers' compensation claim does

Page 2 -    REPLY IN SUPPORT OF MOTION TO DISMISS

**JOSEPH M. CHARTER, P.C.**
Attorney at Law
800 W. Eighth
MEDFORD, OR 97501
Tel. 541-779-9330   ●   Fax 541-773-3653

not preclude a wrongful discharge claim. Certainly the physical damage caused by an on the job injury is different from the economic and emotional damage from the loss of a job. There is no issue of workers' compensation exclusivity presented here. Similarly, the considerations of collective bargaining and dispute resolution applicable to the public employee in *Shockey* are not presented here. The presence of those contractual provisions (enhanced by statutory and public policy considerations for public employees) do not preclude additional tort remedies. The same result was reached in *Dunwoody v. Handskill Corp.,* 185 Or.App. 605, 612, 60 P.3d 1135 (2003): "the existence of a contractual relationship does not, by itself, foreclose a plaintiff from bringing a claim for common-law wrongful discharge." The tort is still allowed where the contractual remedy does not "adequately redress the alleged injury." *Id.* at 614.

*Kofoid* simply held that a discharge "because of sex" without any more does not state a common law actions for wrongful discharge. 68 Or. App. at 287. Resistence to sexual harassment alone also does not create the tort of wrongful discharge. It is the absence of adequate alternative remedies that has lead the courts to create that tort.

> Whether a common-law remedy is available is further conditioned upon the absence of adequate statutory remedies: "[W]here an adequate existing remedy protects the interests of society . . . an additional remedy of wrongful discharge will not be accorded." *Delaney,* 297 Or at 16; *Walsh v. Consolidated Freightways,* 278 Or. 347, 563 P2d 1205 (1977). Thus, the availability of an adequate statutory remedy precludes an otherwise sufficient common-law wrongful discharge claim. *Holien v. Sears, Roebuck and Co.,* 298 Or. 76, 90-97, 689 P2d 1292 (1984); *Farrimond v. Louisiana-Pacific Corp.,* 103 Or. App. 563, 566, 798 P2d 697 (1990). *Dymock v. Norwest Safety Protective Equipment,* 172 Or.App. 399, 401, 405, 19 P.3d 934 (2001).

Notwithstanding Plaintiff's speculations regarding legislative intent, the difference in statute of limitations for the two claims does not indicate that the statutory remedy is inadequate.

"Under Oregon law, an adequate existing *federal* remedy may bar a common law wrongful discharge claim." *Draper v. Astoria Sch. Dist. No. 1C*, 995 F.Supp. 1122, 1127 (D.Or.1998), citing *Walsh v. Consolidated Freightways, Inc.,* 278 Or. 347, 352, 563 P.2d 1205, 1208 (1977).

Page 3 -     REPLY IN SUPPORT OF MOTION TO DISMISS

The *Draper* court concluded that the plaintiff there had an adequate remedy under §1983 and therefore declined to provide her with an additional, duplicative tort remedy. *Id*. Here, plaintiff has adequate federal remedies under Title VII and therefore the duplicative wrongful discharge remedy is unavailable.

The *Draper* court stated that *Shockey* "is not to the contrary." 995 F.Supp. at 1132. "[T]he court emphasized that it was addressing only the specific assignments of error asserted by the city and did not necessarily agree that the employee had established all elements of his prima facie case of wrongful discharge. *Shockey*, 313 Or. at 423 n. 7, 837 P.2d 505. The inference is that the court may have been prepared to overturn the jury's verdict on the wrongful discharge claim . . . but stayed its hand because that argument was not preserved for appeal." *Id*. "Thus, *Shockey* is not particularly helpful." *Id*. at 1134. The court concluded that the "School District should be granted summary judgment on the wrongful discharge claim because plaintiff already has adequate statutory and contractual remedies." *Id*. at 1142.

## II. PLAINTIFF'S STATUTORY CLAIM UNDER ORS 659A.030 IS TIME BARRED

Plaintiff argues that ORS 174.120 and 187.010, relating to extension of time for deadlines that fall on weekends and holidays, operate to save Plaintiff from the clear legislative mandate found in ORS 659A.880 that BOLI "***shall***" issue a NRTS before the one year anniversary of Plaintiff's BOLI complaint. Those interpretive statutes may have their application to acts which must be performed within a delimited period time, such as years (for statutes of limitations) or days (for the perfection of liens). However, to apply them where there is a clear legislative statement of intent that an act be performed "before the one year anniversary" (i.e., ***before*** July 5, 2008) would vitiate the clear language of the statute and "insert what has been omitted" in

Page 4 -   REPLY IN SUPPORT OF MOTION TO DISMISS

violation of ORS 174.010. In other words, the legislature's use of the term "anniversary" points to a specific day and not a period of time in which to accomplish an act.

Plaintiff does not address, and therefore appears to admit the authority of *Carsner v. Freightliner Corp.,* 69 Or. App. 666, 671, 688 P.2d 398, *rev den* 298 Or. 334 (1984)("the commissioner **loses authority** over a complaint if she fails to act within a specified time."). If the legislature intended to overrule *Carsner*, it would not have mandated that BOLI "shall" issue a NRTS before the one year anniversary of Plaintiff's BOLI complaint. Neither has Plaintiff identified any grounds for the application of the doctrine of equitable tolling.

For the foregoing reasons, Plaintiff's state statutory claim (ORS 659A.030) and wrongful discharge claim should be dismissed.

DATED: December 5, 2008

JOSEPH M. CHARTER, P.C.

/s/ Joseph M. Charter
Joseph M. Charter, OSB #91158
(541) 779-9330
Attorney for Defendants

Page 5 -   REPLY IN SUPPORT OF MOTION TO DISMISS