IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BONNIE MCELRATH,

        Plaintiff,

v.

FISH RITE, INC., an Oregon Corporation,
JAMIE DORSEY, SR., &
BARBARA DORSEY

        Defendants.

Case Number CV 08-1159-CL

**REPORT & RECOMMENDATION**

Clarke, Magistrate Judge:

    Plaintiff Bonnie McElrath filed a complaint against defendants Fish Rite, Inc., Jamie Dorsey, Sr., and Barbara Dorsey. She alleges a claim for battery against Jamie Dorsey, Sr., intentional interference with economic expectations against Barbara Dorsey, wrongful discharge against Fish Rite, violation of her rights under 42 U.S.C. § 2000e (Title VII) by Fish Rite, its owners and officers, and a claim for unlawful employment discrimination under Oregon Revised Statute 659A.030 against Fish Rite. Defendants filed this motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

REPORT & RECOMMENDATION - 1

I.  **Legal Standards**

On a motion to dismiss, the court must review the sufficiency of the complaint. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>American Family Ass'n, Inc. v. City & County of San Francisco</u>, 277 F.3d 1114, 1120 (9th Cir. 2002).

A complaint or a claim in a complaint may be dismissed as a matter of law for two reasons: (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984). When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. <u>Sun Saving & Loan Ass'n v. Dierdoff</u>, 825 F.2d 187, 191 (9th Cir. 1987).

A motion to dismiss under Rule 12(b)(1) will be granted when the Plaintiff has not alleged facts to support a claim "arising under the Constitution, the laws or treaties of the United States." 28 U.S.C. § 1331. "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject matter jurisdiction if it is not colorable *i.e.* if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" <u>Arbaugh v. Y.H. Corp.</u>, 546 U.S. 500, 513, n. 4, 126 S.Ct. 1235 (2006) (citing <u>Bell v. Hood</u>, 327 U.S. 678, 682-83, 66 S. Ct. 773 (1946)).

A motion to dismiss under Rule 12(b)(6) will be granted only if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions and a formulaic recitation of the elements of a cause of action[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-64 (2007) (internal quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in

REPORT & RECOMMENDATION - 2

the complaint are true (even if doubtful in fact) [.]" Id. at 1965 (citations and internal quotations omitted).

## II. Background

Plaintiff filed an administrative complaint with the Oregon Bureau of Labor and Industries (BOLI) on July 5, 2007, alleging "that Fish Rite, Inc. had subjected her to a hostile work environment and had fired her for refusing to engage in sex with Jamie Dorsey, Sr." According to Plaintiff, BOLI sent the complaint to the Equal Employment Opportunity Commission (EEOC) for dual filing purposes. On July 8, 2008, BOLI notified the parties that it "found substantial evidence supporting Plaintiff's allegations against Fish Rite, Inc. . . . [and] issued a notice to Plaintiff of her right to file a civil suit against Fish Rite, Inc." (Compl. 2-3). Plaintiff filed this complaint on October 3, 2008.

## III. Defendants' Motion Is Denied

Defendants argue that the Plaintiff's complaint should be dismissed because she did not comply with the administrative prerequisites for suit, her civil suit is at variance with her administrative complaint, she has an adequate statutory remedy which bars a wrongful discharge claim, and she has not alleged facts to state a valid claim for interference with economic expectations.

### A.  Unlawful Employment Discrimination Claim Is Not Time-Barred

Oregon state law prohibits employers from discriminating against an individual because of her sex. "It is an unlawful practice for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age . . . to refuse to hire or employ or to bar or discharge from employment such individual." Or. Rev. Stat. (ORS) 659A.030(a). To file a civil

REPORT & RECOMMENDATION  -  3

action for unlawful employment discrimination, plaintiff must commence such action within 90 days of receiving the 90 day notice from commissioner. Id. 659A.875. When the plaintiff has previously filed a complaint under ORS 659A.820, as Plaintiff has done here, the commissioner "shall issue a 90-day notice to the complainant on or before the one-year anniversary of the filing of the complaint . . ." Id. 659A.880.

Defendants argue that Plaintiff lost her right to file a state unlawful discrimination claim because the commissioner did not file the notice letter within the time period and that accordingly her civil claim is time-barred. Defendants interpret ORS 659A.880 to suggest that the commissioner only has authority to issue a letter within a year. (Defs.' Mot. to Dismiss 1-3; Defs.' Reply to Mot. to Dismiss 4-5.) Under the Defendants' application of the statute, the commissioner's 90-day notice is invalid because it was issued after the anniversary of the BOLI complaint. (Defs.' Mot. to Dismiss 1-2.) Defendants also refer to Carsner v. Freightliner Corporation, which predates the amended statute at issue here, as support for their reading of the present statute.[1]

The Court is not convinced that BOLI's delay warrants dismissing the Plaintiff's claim when the Plaintiff has taken diligent and appropriate action in pursuing her remedies. First, there is nothing in the statute to suggest that BOLI's delay precludes the plaintiff from seeking redress. The statute clearly discusses the consequences of the plaintiff's failure to timely act: "any right to bring a civil action against the respondent . . . will be lost if the action is not commenced within 90 days after the date of the mailing of the 90-day notice." ORS 659A.880(3). However, the

---

[1] Counsel for both parties also discuss their divergent interpretations for computing time and the definition of "anniversary". (Pl.'s Resp. to Mot. to Dismiss 22-25; Defs.' Mot. to Dismiss 1-3; Defs.' Reply to Mot. to Dismiss 4-5.) Resolving this disagreement is not necessary to the Court's report and recommendation on this motion.

REPORT & RECOMMENDATION - 4

statute does not discuss the consequences if BOLI does not timely act, providing "the commissioner shall issue a 90-day notice to the complainant on or before the one-year anniversary." ORS 659A.880(2). In the preceding section, entitled "Authority of commissioner," ORS 659A.830 explains that after a year, the commissioner loses authority "to conduct investigations or other proceedings to resolve the complaint," but it does not include losing the authority to issue a 90-day notice to the complainant.

The Court does not accept Defendants' reliance on Carsner. In Carsner the court specifically disagreed with the defendant who argued that to allow the commissioner to retain jurisdiction would render the statute meaningless: "a statute is not meaningless simply because it does not relieve an official who has failed to comply with it of the duty to comply." Carsner, 69 Or. App. 671. The court did not interpret the statute, which was a predecessor to ORS 659A.880, to bar the plaintiff's claim.

Second, the equitable tolling doctrine applies here. The court allows "equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 95-96 (1990).

The Ninth Circuit dealt with a similar dispute and applied equitable tolling in Bouman v. Block, 940 F.2d 1211 (9th Cir. 1991). Though Bouman arises from an unlawful employment discrimination claim under California state law, it is instructive here. In Bouman, the defendant argued that the plaintiff had not filed her claim with the California Division of Fair Employment

REPORT & RECOMMENDATION - 5

Practices (DFEP) within the 90-day period. Plaintiff had filed her complaint with the EEOC, and the EEOC forwarded the charges to DFEP. DFEP, however, received the charges seven days after the 90 days had run. The court determined, "We have recognized that state time limits on filing court actions or other similar filing deadlines should generally be treated as statutes of limitations subject to equitable tolling, rather than a jurisdictional prerequisite which divests the court of jurisdiction to hear the case if they are not met." Id. at 1220 (citing Salgado v. Atlantic Richfield Co., 823 F.2d 1322, 1324 (9th Cir. 1987). Plaintiff proceeded with her claim in part because the delay was through no fault of her own and she had been diligently pursuing her claims. Further, the court determined that allowing plaintiff to proceed was "consistent with the specific purposes of the time period imposed by the California legislature." Id.

Assuming all allegations to be true, the Plaintiff has pled sufficient facts to state a claim. A small delay in the commissioner's issuance of the notice does not preclude the Plaintiff from pursuing her claims in this Court.

### B. Title VII Claim Is Not Time-Barred

Federal law makes it unlawful for an employer to discriminate against an individual because of her sex. "It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or nation origin." 42 U.S.C. § 2000e-2(a)(1).

Individuals filing a claim under Title VII must comply with appropriate procedures. First, the plaintiff must file a charge with the state or local agency, following the procedures of 42 U.S.C. § 2000e-5(e)(1). If the commissioner has not filed a civil action within the requisite

REPORT & RECOMMENDATION - 6

period, the commissioner then notifies the plaintiff and "within ninety days after the giving of such notice, a civil action may be brought." 42 U.S.C. § 2000e-5(f)(1).   Such notice is often referred to as a Notice of Right To Sue Letter (NRTS Letter).  State law provides guidelines for how the state agency issues a NRTS Letter.  ORS 659A.880 states, "the commissioner shall issue a 90-day notice to the complainant on or before the one-year anniversary of the filing . . . ."

The Ninth Circuit, however, does not permit a state's delay in issuing the letter to impact a claimant's claim.  "[T]he late accusation has no impact on [plaintiff's] federal claims.  EEOC v. Commercial Office Products Co., 486 U.S. 107, 122-25 (1988), prohibited the use of state law's limitations periods for filing discrimination actions to defeat Title VII causes of action.  The fact that the state failed to issue an accusation within one year should not defeat [plaintiff's] right to pursue a federal claim." Bouman, 940 F.2d at 1220.

Assuming the Plaintiff's statements to be true, Plaintiff filed an administrative complaint on or about July 5, 2007 with BOLI.  (Compl. ¶ 7.)  On July 7, 2008 BOLI issued the NRTS letter.  Plaintiff filed her Title VII claim on October 3, 2008, within the 90-day filing requirement.  Defendants argue that the NRTS letter is moot because by July 7, 2008, BOLI had lost its authority to issue the letter; that is, because the commissioner was tardy, the Plaintiff can have no recourse.

Applying the Ninth Circuit's analysis in Bouman, the Title VII survives Defendants' challenges.  940 F.2d at 1220.  This Court agrees that the state's delay – here of only 2 days – should not extinguish the Plaintiff's right to sue.

    C.    **Remedies Under Title VII and ORS 695.010 et seq. Are Not Adequate Remedies for Wrongful Discharge**

REPORT & RECOMMENDATION  -  7

Wrongful discharge "serves as an interstitial tort, designed to fill a remedial gap where a discharge in violation of public policy would be left unvindicated." Olsen v. Deschutes County, 204 Or. App. 7, 15 (Or. Ct. App. 2006). "[T]he underlying purpose of that tort . . . is not to vindicate the individual interests of the employee by assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests." Draper v. Astoria Sch. Dist., 995 F.Supp. 1122, 1130 (D. Or. 1998). "[A] claim for common law wrongful discharge is not available in Oregon if (1) an existing remedy adequately protects the public interest in question or (2) the legislature has intentionally abrogated the common law (regardless of whether the courts perceive that remedy to be adequate). [The U.S. District Court of Oregon] will follow that view until the Oregon Supreme Court clarifies governing standards."[2] Id. at 1130-31.

Statutory remedies for employment discrimination tend to provide equitable relief while common law remedies for wrongful discharge provide legal relief. The Oregon Court of Appeals concluded, "[Oregon Employment Discrimination Statute] and Title VII fail to capture the

---

[2] The Oregon Court of Appeals concluded in 2006 that a wrongful discharge claim was barred only when both prongs are satisfied: "the remedy for violation of ORS 659.035 is adequate in comparison to the remedy available under a common-law tort action and also that the legislature intended the statute to abrogate the common law." Olsen, 204 Or. App. at 14 (emphasis added). This Court declines to address this difference between the Oregon Appellate Court and the District Court in part because it was an appellate court, rather than an Oregon Supreme Court decision, and because the Court has determined that the statutory and Title VII remedies are not adequate to tort remedies under the facts pled. The District Court in Draper also noted, "in each instance where an Oregon court permitted a wrongful discharge claim, it considered both prongs of the analysis, concluding that the legislature did not intend to create an exclusive remedy and also that the existing remedies were inadequate." 995 F.Supp. at 1130-31. Accordingly, the Court focuses its inquiry on whether there is an adequate remedy available for wrongful discharge to determine whether plaintiff's claim survives the motion to dismiss. Id.

personal nature of the injury done to a wrongfully discharged employe [sic] as an individual and the remedies provided by the statute fail to appreciate the relevant dimensions of the problem." Holien v. Sears, Roebuck and Co., 298 Or. 76, 85 (Or. App. 1984). "Title VII prohibits employment discrimination on the basis of sex and seeks to remove arbitrary barriers to sexual equality at the workplace with respect to 'compensation, terms, conditions, or privileges of employment.'" Id. at 87 (citing 42 U.S.C. § 2000e-2(a)(1)). In contrast, "[r]etaliatory discharge of an employe [sic] for resisting such harassment is a wrongful, unconscionable and tortious act." Id. at 90.

Plaintiff alleges that she was wrongly discharged because she resisted the advances of Jamie Dorsey, Sr. Additionally, she alleges that she experienced harassment at work by being pursued by Jamie Dorsey, Sr. Each allegation has discreet elements providing claims for both legal and equitable remedies. Assuming the allegations to be true, plaintiff has pled sufficient facts to state a claim for both a wrongful termination claim and statutory claims under ORS 659A.030 and Title VII.

D.  **Variance Between a Civil Suit and Administrative Complaint Is Not Fatal to Complaint**

An individual may file a civil suit for a Title VII action under 42 U.S.C. 2000e-5(1). "[A] private Title VII action may be brought only 'against the respondent named in the charge' previously lodged with EEOC." Bratton v. Bethlehem Steel Corp., 649 F.2d 658, 666 (9th Cir. 1980) (citing 42 U.S.C. 2000e-5(f)(1). Where a defendant was not named in the administrative complaint but had notice or should have known, the courts have permitted the claim. "Title VII charges can be brought against persons not named in an EEOC complaint as long as they were

REPORT & RECOMMENDATION - 9

involved in the acts giving rise to the EEOC claims. Further, where the EEOC or defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge." Equal Employment Opportunity Comm'n v. Nat'l Educ. Ass'n, Alaska, 422 F.3d 840, 847 (9th Cir. 2005).

Defendants argue that Plaintiff has no claim because she failed to name Jamie Dorsey, Jr. or Barbara Dorsey in her BOLI complaint. Plaintiff only named Fish Rite as respondent in her BOLI complaint. (Pl.'s Resp. to Mot. to Dismiss, Ex. A.) However, as Plaintiff clarified, Jamie Dorsey, Jr. is not being sued in his individual capacity and is mentioned in reference to the company of Fish Rite. Id. at 25. Barbara Dorsey is not named for the Title VII claim but for the intentional interference with economic expectations claim. (Compl. 4-6.) Jamie Dorsey, Sr. is named in the Title VII, but assuming all facts in the plaintiff's favor for this motion to dismiss, Jamie Dorsey, Sr. should have anticipated being named in this suit even if he was not named in the initial claim.

E.  **Defendant Barbara Dorsey Can Be a Third Party for the Purposes of an Intentional Interference with Economic Expectations Claim**

"To state a claim for intentional interference with economic relations [IIEE claim], a plaintiff must allege . . . (1) the existence of a professional or business relationship . . . (2) intentional interference with that relationship, (3) by a third party (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationships, and (6) damages." McGanty v. Staudenraus, 321 Or. 532, 535 (1995) (citing Strabue v. Larson, 287 Or. 357, 360-61 (1979)).

REPORT & RECOMMENDATION - 10

An IIEE claim is a tort action designed "as a means of protecting contracting parties against influence in their contracts from *outside* parties." Id. at 536 (emphasis original). "The tort allows a party to a contract, when that contract is breached by the other contracting (second) party, to seek damages from a third party that induced the second party to breach the contract." Id. at 537. An employee of the second, contracting party is not considered a third party when she acts within the general range of her authority with the intention to benefit the company. Id. Employees may be considered third parties and "liable for interference if they caused the plaintiff's suspension from employment either with an improper purpose or through improper means." Id. at 540.

Plaintiff alleges that Barbara Dorsey intentionally interfered with her economic expectations by causing Fish Rite to fire her because Barbara Dorsey believed Plaintiff and Jamie Dorsey, Sr. were engaged in sexual relations. Defendants argue Plaintiff's claim should be dismissed because Barbara Dorsey is an owner of Fish Rite and thus not a third party.

Plaintiff has alleged sufficient facts to pled an IIEE claim because arguably Barbara Dorsey was not acting within the scope of her employment and was acting with an improper purpose or through improper means. Further, it is unclear what role Barbara Dorsey has in the company. Plaintiff alleges that she owns the company with her husband, but it is unclear what kind of role, if any, she has. Without any claim of supervisory or other such role of authority, Barbara Dorsey can make no conclusive argument to claim that she is not a third party.

F.   **Conclusion**

Plaintiff has alleged sufficient facts to sustain this 12(b)(6) motion to dismiss. Further, the Court has subject matter jurisdiction to hear this claim because Plaintiff has properly pled a

REPORT & RECOMMENDATION   -   11

claim under Title VII for unlawful employment practices.

### V.     Recommendation

The court recommends that Defendants' Motion to Dismiss (#4) be denied.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due by February 12, 2009. If objections are filed, any responses to the objections are due within 10 days, see Federal Rules of Civil Procedure 72 and 6*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 26 day of January, 2009.

MARK D. CLARKE
United States Magistrate Judge