Gregory Kafoury, OSB No. 741663
kafoury@kafourymcdougal.com
Mark McDougal, OSB No. 890869
mcdougal@kafourymcdougal.com
Charles Merten, OSB No. 630582
cjmerten@gmail.com
Of Counsel
Kafoury & McDougal
320 SW Stark Street, Suite 202
Portland OR 97204
Telephone: (503) 224-2647
Facsimile: (503) 224-2673

Attorneys for Plaintiff Bonnie McElrath

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BONNIE MCELRATH, | Case No. CV 08-1159-KI |
| Plaintiff, | |
| v. | PLAINTIFF'S RESPONSE TO DEFENDANTS' APPEAL TO DISTRICT JUDGE |
| FISH RITE, Inc., an Oregon Corporation, JAMIE DORSEY, SR., AND BARBARA DORSEY, | ORAL ARGUMENT REQUESTED |
| Defendants. | |

The Magistrate's ruling on the Motion to Dismiss is correct for the reasons stated in his Opinion, and also for the reasons advanced by the plaintiff which the Magistrate found he did not need to address. Plaintiff

1 – PLAINTIFF'S RESPONSE TO DEFENDANTS' APPEAL TO DISTRICT JUDGE

wishes to add only the following:

1. Statute of Limitations for an ORS 659A.885 action: Plaintiff filed a BOLI complaint. Under ORS 659A.875(2) she had to file her case within 90 days of the mailing of the 90 day right-to-sue letter. She did.

2. Defendants' argument that BOLI could no longer issue a right to sue letter in this case because "the one-year anniversary" of plaintiff's filing her complaint with BOLI fell on a Saturday and the right-to-sue letter was issued on the following Monday is without merit. ORS 659A.875(2) is the statute of limitations statute, not ORS 659.880(2), as defendants argue.

Further, defendants cling to the language of a previous version of ORS 659.880(2), which had stated that BOLI had to issue the right-to-sue letter within one year of the anniversary date of the filing with BOLI, and if it did not it had no authority to do anything further. The legislature later changed the law to delete the ban on further action. When a party to an administrative proceeding is dissatisfied with the time the agency is taking to do its job, such party may petition the Circuit Court to order the agency to expeditiously do its job. See ORS 183.490 ("The court may, upon petition as described in ORS 183.484, compel an agency to act where it has unlawfully refused to act or make a decision or unreasonably delayed taking action or making a decision.") Here, with a delay of two days from the date defendants claim to be "the anniversary" --Saturday and Sunday-- defendants were spared a circuit court filing fee.

3. When the day by which something is required by law to be done falls on a Saturday, the date for doing that something is extended by Oregon statures to the following Monday.

4. Adequate Remedy: Defendants' argument that ORS 659A.885 is now the exclusive remedy for a woman who is fired for refusing to grant her male employer sex ignores the fact that the statute provides a remedy when an employee objects to discriminatory treatment based upon her gender, whereas the common law tort of wrongful discharge provides a remedy for employees who exercise their right to oppose conduct which is contrary to public policy, regardless of their sex. As applied here, plaintiff in her wrongful discharge case only has to prove that she was fired for refusing to give sex to Dorsey. In her statutory claim, plaintiff must also prove that Dorsey does not solicit sex from men.

Further, the ORS 659A.885 remedy has a one year statute of limitations, but Wrongful Discharge has a two year tort statute of limitations. "[J]udicially-created law is not changed by legislative act unless the intent of the legislature to do so is clearly shown." *Smith v Cooper,* 256 Or 458, 494 (1970). If the statute is now the exclusive remedy for women fired for refusing to give out sex, then the legislature has made a radical departure in judicial law for this set of facts because it would cut a woman's time within which to file a lawsuit from two years to one. The 2007 amendments to ORS 659A.885, for the first time granting employees punitive and emotional damages for

3 – PLAINTIFF'S RESPONSE TO DEFENDANTS' APPEAL TO DISTRICT JUDGE

employment discrimination, do not themselves give any indication that the legislature had any intent to alter the statute of limitations for this fact set. Defendants have had several months to research and present any legislative history on this point, and also on the overall question of whether the legislature intended to make the statuary remedy the exclusive remedy. Oregon law is clear that a statutory remedy does not supplant a common law remedy unless the statutory remedy is "adequate" AND the legislature also intended to make that remedy exclusive. (See, the cases discussed in plaintiff's memorandum to the Magistrate.) Defendants have presented no such legislative history and plaintiff's counsel has also not found any such legislative history.)

CONCLUSION

The Magistrate's recommendation should be adopted, and the motion to dismiss should be denied.

DATED: February 5, 2009.

Respectfully submitted,

\_\_\_/s/\_Charles Merten_____
Gregory Kafoury, OSB #741663
kafoury@kafourymcdougal.com
Charles Merten, OSB #630582
cjmerten@gmail.com
Of Counsel
Phone: (503) 224-2647
Fax: (503) 224-2673
Attorneys for Plaintiff Bonnie McElrath